CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 01 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 1:92-cr-00051-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANTHONY LEE BELCHER, | ) | By:   Hon. Michael F. Urbanski |
| Petitioner. | ) |         United States District Judge |

Anthony Lee Belcher, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court upon the United States' motion to dismiss, to which Petitioner responded. After reviewing the record, I grant the United States' motion to dismiss and dismiss the § 2255 motion as untimely filed.

I.

The court entered Petitioner's criminal judgment in August 1993, sentencing him to, inter alia, fifteen years' incarceration.[1] Petitioner did not appeal and filed the instant § 2255 motion no earlier than April 28, 2014. Petitioner argues that the § 2255 motion is timely filed within one year of Descamps v. United States, 113 S. Ct. 2276 (2013), and United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013).[2]

II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations

---

[1] Petitioner began serving his federal sentence in August 2005 after his release from state custody.

[2] Descamps held that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary and, thus, cannot qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") provision that references the generic crime. 133 S. Ct. at 2293. Hemingway held that "the question of whether an [assault and battery of a high and aggravated nature] conviction [in South Carolina] is . . . an ACCA violent felony must be determined . . . solely by application of the categorical approach." 734 F.3d at 334.

period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in September 1994 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Petitioner did not file the § 2255 until long after his conviction became final.

Petitioner argues that his motion should be considered timely filed because Descamps v. United States, 113 S. Ct. 2276 (2013), and United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013), trigger the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, Descamps and Hemmingway do not trigger the limitations period in § 2255(f)(3). Neither case applies retroactively to § 2255 proceedings, and Hemmingway was not issued by the Supreme Court of the United States. See, e.g., Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014). Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the § 2255 motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period

2

against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 644-45 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

## III.

For the foregoing reasons, the United States' motion to dismiss is granted and Petitioner's motion to continue, which is his opposition to the United States' motion to dismiss, is denied. Petitioner's "motion pursuant to Rule 52(a) of the Federal Rules of Civil Procedure" and "motion to dismiss indictment, conviction, and sentence for lack of exclusive legislative and subject matter" are denied as meritless. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 1st day of May, 2015.

/s/ Michael F. Urbanski
United States District Judge